**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 20 CR 688-2 |
| GEE SIONG KOK | Judge John J. Tharp, Jr. |

**AGREED PROTECTIVE ORDER**

WHEREAS the parties recognize that in a case charging a violation of Title 18, United States Code, Section 1832, Section 1835 provides "the court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets, consistent with the requirements of the Federal Rules of Criminal and Civil Procedure, the Federal Rules of Evidence, and all other applicable laws," and

WHEREAS the United States of America ("the government"), Defendant GEE SIONG KOK, and defense counsel, have agreed to the following,

IT IS HEREBY ORDERED, pursuant to Title 18, United States Code, Section 1835 and Federal Rule of Criminal Procedure 16(d), that:

1. **Discovery**. Except as provided below, or otherwise agreed by the parties, the government shall provide defense counsel a copy of discoverable materials in this case.

2. **Acknowledgement Form.** Prior to their review of the materials, each member of the defense, including but not limited to translators, must sign an acknowledgement of the obligations of this protective order.

1

  3.  **Handling of Discovery Materials.** Defense counsel and their office staff ("the defense") and Defendant shall maintain these discovery materials, including any copies the defense makes, as follows:

    a.  All discovery materials that are provided to the defense are to be used by the defense solely for the purpose of allowing the defendant to prepare its defenses (including investigation, trial preparation, trial, and appeal), and not for any commercial or other purpose.

    b.  Copies of the discovery materials shall be maintained by the defense at the offices of defense counsel in a locked room and on one or more computers that are not connected to the Internet.

    c.  A copy of this protective order shall be kept with any copies of the discovery materials.

    d.  The only people who may view the discovery materials are the defense, Defendant, and any experts designated by the defense (as detailed below). Defendant may access and view the discovery materials with defense counsel, whether in person or remotely. However, copies of the discovery materials may not be stored or transported outside of the United States. Defendant may take notes regarding the discovery materials only at defense counsel's office in the United States and may not take those notes or copies of those notes away from defense counsel's office.

    e.  In no event shall the defense or Defendant disclose or describe any of the discovery materials to any other person or entity other than the government, Motorola, or this Court.

4. **Court Filings.** Any papers to be served upon the Court by either party during the pendency of this Protective Order which either: (i) include copies of discovery materials, or (ii) refer to the contents of discovery materials, shall not be publicly filed (or otherwise disseminated) in the first instance. The party filing the papers shall file such papers under seal and with an application indicating which portion the submitting party believes ought to be filed under seal and which portions ought to be made public and shall indicate an intention to file a set of papers so redacted five business days after service of the unredacted papers upon the Court and counsel. The filing party shall not file the redacted set of papers if such party receives an application in opposition from another party within those five business days and shall instead await a ruling of the Court. If the party submitting the papers wishes to file the papers publicly after waiting the appropriate number of business days, that party shall speak to the opposing party prior to filing the papers publicly to make certain that the absence of objection has not resulted from the unavailability of counsel or other law office failure.

5. Any papers to be served upon the Court in response to papers served in conformity with the preceding paragraph during the pendency of this Protective Order shall be filed under seal with an application indicating which portion the submitting party believes ought to be filed under seal and which portions ought to be made public and shall indicate an intention to file a set of papers so redacted five business days after service of the unredacted papers upon the Court and counsel. The filing party shall not file the redacted set of papers if such party receives an application in opposition from another party within those five business days and shall instead await a ruling of the Court. If the party submitting the papers wishes to file the papers publicly after

waiting the appropriate number of business days, that party shall speak to the opposing parties prior to filing the papers publicly to make certain that the absence of objection has not resulted from the unavailability of counsel or other law office failure.

6. Notwithstanding any other provision of this Protective Order, either party may consult with Motorola or its counsel regarding the filings or anticipated filings contemplated in paragraphs 4 and 5.

7. **Source Code.** Discovery materials containing or referencing Motorola source code information, to the extent such material is within the possession of the Government, will not be tendered to the defense in this matter. Instead, such materials will be made available for the review of the defense, subject to the other terms of this Protective Order, at the Government's office at 219 South Dearborn, 5th Floor, in Chicago, Illinois, at a mutually agreed upon date and time. No reproductions or copies of materials containing or referencing Motorola's source code will be permitted.

8. **Experts and Consultants.** The defense and Defendant may describe or provide copies of the discovery materials to any expert retained by them, whether testifying or non-testifying, but only if:

a. The defense and Defendant disclose the expert's identity and resume to the government and the victim 14 days in advance of disclosure. If either the government or the victim objects during this 14-day period, the defense and Defendant shall not disclose the discovery materials to the identified expert until this Court rules on the objections.

b. The defense and Defendant may not employ an expert who is a current employee, officer or director of Defendant Hytera Communications Corporation, Ltd. (Hytera) or who is anticipated at the time of retention to become an officer, directors, or employees of Hytera.

c. The defense and Defendant may not employ an expert who works as a consultant, employee, officer, owner, or agent of a competitor to the victim, Motorola. Moreover, any expert retained by the defense or Defendant shall not work as a consultant, employee, officer, owner, or agent of a competitor to the victim for two years following the cessation of this prosecution at the trial court level.

d. Any expert provided with discovery materials must maintain those materials in the United States at all times.

9. **Disclosures to Undesignated Parties**. The Defense shall promptly notify the government and this Court if any discovery materials are disclosed to anyone not designated by this Order or further order of the Court, either intentionally or unintentionally. Defendant and any defense experts shall promptly notify the defense counsel of any such disclosures.

10. **Media.** All discovery materials that are provided to the Defense are to be used solely for the purpose of allowing the defendant to prepare his defenses in the above-captioned case. None of the discovery materials produced by the Government shall be disseminated to, or discussed with, the media. However, while the court may enter other orders in this matter, nothing in this Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial or other proceeding.

11. **Third-Party Requests or Demands.** The Defendant and the defense are required to disclose any request or demand for access to discovery materials to the Court and the government by any third party, regardless of whether the access request is supported by legal authority or accompanied by demands for non-disclosure and must not provide any discovery materials in response to such requests or demands for access until the government has an opportunity to object.

12. **Obligations on Conclusion of Litigation.**

    a. **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

    b. **Obligations at Conclusion of Litigation.** Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all discovery materials shall be returned to the government unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the defense team, that party elects to destroy the documents and certifies to the government that it has done so.

    c. **Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, defense counsel may retain (1) attorney work product, including an index that refers or relates to discovery materials, so long as that work product does not duplicate verbatim substantial portions of the discovery materials, and (2) one complete set of all documents filed with the Court, including those filed

under seal. Any such retained materials shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use the discovery materials or information contained therein.

13. **Trial and Appeal.** The parties may seek future protective orders, or amendments to this Order, that will govern the use of discovery materials at trial and in any appellate proceedings. In the absence any such future orders or amendments, this Order will continue to govern during the pendency of this litigation.

14. **Relief from Protective Order.** Nothing in this Order shall preclude the parties from seeking a further protective order pursuant to Rule 16(d) and Title 18, United States Code, Section 1835 as to particular items of discovery, or from moving to dissolve the Protective Order in its entirety, as to any category of documents, or as to any particular document.

15. **Amendments.** This Protective Order may be amended at any time by agreement of the parties and with the Court's approval. Any proposed amendment must be in writing and expressly state that it is an amendment to this Protective Order and be signed by all parties to be valid. If any party wishes to amend the Protective Order and an agreement cannot be reached by all parties, then the party may raise the issue by motion to the Court, which may amend this Order as it sees fit.

Date: October 17, 2022

John J. Tharp, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 20 CR 688-2 |
| GEE SIONG KOK | Judge John J. Tharp, Jr. |

**AGREED PROTECTIVE ORDER**
**ACKNOLEDGEMENT FORM**

The undersigned individual acknowledges that prior to their review of the discovery materials in the above-named case, they were provided a copy of the protective order in the above-named case, they read the protective order, and understand the obligations of the protective order.

Signature: _____

Printed Name: _____

Date: _____