**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>HYTERA COMMUNICATIONS CORPORATION LTD., et al.<br><br>Defendants. | Case No. 1:20-CR-00688<br><br>Judge John J. Tharp, Jr. |

**AGREED PROTECTIVE ORDER**

WHEREAS in a case charging a violation of Title 18, United States Code, Section 1832, Section 1835 provides "the court shall enter such orders and take such other action as may be necessary and appropriate to preserve the confidentiality of trade secrets, consistent with the requirements of the Federal Rules of Criminal and Civil Procedure, the Federal Rules of Evidence, and all other applicable laws,"

IT IS HEREBY ORDERED, pursuant to Title 18, United States Code, Section 1835 and Federal Rule of Criminal Procedure 16(d), that:

1. **Scope.** All materials either (a) produced or made available for inspection in discovery, or (b) identified in the discovery indices provided by the Government to the defense in connection with this case (collectively, the "discovery materials") shall be subject to this Order.

2. **Disclosure of Discovery Materials.** The Defendant or any authorized recipient of discovery materials shall not disclose or permit the disclosure of any discovery materials to any third person or entity except as set forth in subparagraphs (a)-(f). Any person or

entity permitted access to the discovery materials, including Designated Materials as described in paragraph 4 below, may not use them for any purpose except for the legal defense of this case. Anyone permitted access to the discovery materials may not disclose their contents, or any notes or records of any kind that they make in relation to the contents of the discovery materials directly or indirectly to any person or entity, except as described in this Order. Subject to these requirements, the following categories of persons may be allowed to review Discovery Materials:

  a. **Outside Counsel Defense Team.** Members of the outside counsel defense team who are permitted access to the discovery materials include counsel, co-counsel, paralegals, support staff, and translators unaffiliated with Hytera (the "Outside Counsel Defense Team").

  b. **The Court and its personnel**.

  c. **Contractors.** Those persons specifically engaged by the Outside Counsel Defense Team for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents.

  d. **Consultants and Experts.** Consultants, investigators, or experts, and their staff, engaged by the Outside Counsel Defense Team to assist in the preparation and trial of this action but only after such persons have signed an acknowledgement form as described in paragraph 5. Any consultant, investigator, or expert engaged by the Outside Counsel Defense team who will review the Discovery Materials may not be a current officer, director, or employee of Hytera or a subsidiary or affiliate of Hytera and may not have been employed by Hytera or a subsidiary or affiliate of Hytera on or after August 24, 2022. If the Outside Counsel Defense Team intends to have the consultant, investigator, or expert review source code, the Outside Counsel Defense Team must provide the Government with a written identification of the individual and a

copy of his or her curriculum vitae at least 10 days before any such review. If the Government has good cause to object to the review (which does not include challenging the qualifications of the expert, investigator, or consultant), it must serve the Outside Counsel Defense Team with a written objection within 10 days after service of the identification. Unless the parties resolve the dispute within 10 days after service of the objection, the Outside Counsel Defense Team must move the Court promptly for a ruling, and the source code may not be reviewed by the expert, investigator, or consultant without the Court's approval.

    e. **Employees of the Defendant.** Only employees of the Defendant whom outside counsel determines must have access to discovery for the purpose of allowing the Defendant to prepare its defenses shall receive access to the discovery materials, provided that at least 10 days before providing any discovery materials to employees of the Defendant, outside counsel must disclose to the Government the names, job titles, and job descriptions of the Employees of the Defendant who will be provided with access to the discovery materials. The Government may file an objection to the disclosure within this 10-day period. The parties agree that no disclosures will be made until the Court rules on the objections. With the exception of discovery materials covered under paragraph 4 of this Order, employees of the Defendant may review the discovery materials only in the presence, and only on the computer equipment, of members of the Outside Counsel Defense Team, and are prohibited from downloading, saving, printing, photographing, or otherwise copying or retaining any copies of the discovery materials or information contained therein.

    f. **Others by Consent.** Other persons only by written consent of the parties or upon order of the Court and on such conditions as may be agreed or ordered.

3. **Review of Discovery Materials.** The Outside Counsel Defense Team will create individual user accounts for each authorized recipient who views the discovery materials. These materials will be maintained on United States-based servers. The Outside Counsel Defense Team will maintain a log of all access to the discovery materials, including: the names of accessing individuals, dates and times of access, and records accessed. The requirements under this paragraph do not apply with respect to discovery materials covered under paragraph 4 of this Order. The requirements under this paragraph do not apply to members of the Outside Counsel Defense Team. The requirements under this paragraph also do not apply to any consultants and experts covered under paragraph 2(d) of this Order, but any Discovery Materials reviewed by the consultants and experts must remain in the United States.

4. **Exemption of Certain Designated Materials for Unsupervised Review by Employees of the Defendant.** The parties agree that certain materials can be designated and, where appropriate, redacted to conceal any alleged confidential or proprietary information (hereinafter "Designated Materials"). Upon the parties' approval of any Designated Materials, such materials will be exempt from the requirements in paragraphs 2(e) and 3 of this Order, thereby permitting employees of the Defendant to review the Designated Materials outside the presence of the Outside Counsel Defense Team and without any user account to track access. Before any such Designated Materials are provided to employees of the Defendant, the materials must include the following label: "Designated Materials Subject to Protective Order – NDIL 20-CR-00688." The Government's approval of any Designated Materials does not constitute a waiver by Motorola or the government as to the confidential, proprietary, or trade secret status of any information contained therein. If any Designated Materials are discovered, by either party, to inadvertently contain confidential, proprietary or trade secret information that was not redacted prior to provision

of those materials to Defendant's employees, Employees of the Defendant, under the supervision of the Outside Counsel Defense Team, will destroy or return all copies of any items containing confidential, proprietary or trade secret information, in their entirety, within seven days.

5. **Acknowledgement Form.** Prior to their review of the materials, each member of the Outside Counsel Defense Team, employees of the Defendant, experts, or any other individual permitted access under this Order, must sign an acknowledgement of the obligations of this protective order. The Outside Counsel Defense Team will maintain copies of the signed acknowledgement forms.

6. **Third-Party Requests or Demands.** The Defendant and members of the Outside Counsel Defense Team are required to disclose to the Court and the Government within 24 hours any request or demand by any third party for access to discovery materials containing any information (1) produced by Motorola in connection with this or any other litigation, or (2) otherwise originating from Motorola, regardless of whether the access request is supported by legal authority or accompanied by demands for non-disclosure. The Defendant and members of the Outside Counsel Defense Team must not provide any such discovery materials in response to such requests or demands for access until the Government has an opportunity to object, or in the case of requests or demands made pursuant to legal process, unless and until all available legal means of opposing compliance with such process have been exhausted.

7. **Disclosures to Undesignated Parties**. The Outside Counsel Defense Team shall promptly notify the Government and this Court if any discovery materials are disclosed to anyone not designated by this Order or further order of the Court, either intentionally or unintentionally. Defendant and other person permitted access pursuant to paragraph 2(a) through 2(f) shall promptly notify the Outside Counsel Defense Team of any such disclosures.

**8.** **Source Code.** The parties agree that, for purposes of this Protective Order, discovery materials containing Motorola source code information, to the extent such material is within the possession of the Government, will be made available for the review by the Outside Counsel Defense Team, subject to the other terms of this Protective Order, at the Government's office at 219 South Dearborn, 5th Floor, in Chicago, Illinois, at a mutually agreed upon date and time. The Government shall provide an index of all such materials to the Outside Counsel Defense Team.

      **a.** The Outside Counsel Defense Team may request one hard copy print out of limited, reasonable portions of source code materials that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for trial, but shall not request paper copies for the sole purpose of reviewing the source code. All paper copies of the requested source code materials shall be produced by the Government within 10 business days of the request (unless additional time is needed due to the volume requested). The Government shall provide all such materials in paper form including production numbers and the label "CONFIDENTIAL SOURCE CODE – ATTORNEY'S EYES ONLY INFORMATION." The government may object to any requests for source code within the 10-day period.

      **b.** The Outside Counsel Defense Team shall maintain all paper copies of any printed portions of source code materials in a secured, locked area, shall not create any electronic or other images of the materials, and shall not convert any of the information contained in the paper copies into any electronic format except for the creation of CD-ROMs or DVDs in accordance with paragraph (c) below. The Outside Counsel Defense Team shall make no more than three additional paper copies for use at a hearing or trial. One hard copy of the source code materials may be marked as an exhibit, and then maintained by the Outside Counsel Defense Team

6

during the hearing or trial in a secured, locked area. All other copies shall be destroyed immediately after the hearing or trial is concluded.

  **c.** The Outside Counsel Defense Team is permitted to possess up to 3 CD-ROMs or DVDs that contain an electronic copy of all or any portion of the paper copies of the source code materials. The Outside Counsel Defense Team may provide these CD-ROMs or DVDs to qualified experts or consultants, subject to the other provisions of this Order, who may use such CD-ROMs or DVDs solely for active review of the source code materials. The CD-ROMS and DVDs shall not be copied, in whole or in part, under any other circumstances or provided to employees of the Defendant or any parent, subsidiary or affiliate of the Defendant. The viewing of any such CD-ROMs or DVDs shall be done on a standalone computer with all network communication functions disabled.

  **d.** The Outside Counsel Defense Team shall maintain a source code log containing the following information: (l) the identity of each person granted access to the CONFIDENTIAL SOURCE CODE ATTORNEY'S EYES ONLY INFORMATION; and (2) the first date on which such access was granted. The Outside Counsel Defense Team will produce this log to the Government upon request. Copies of source code must be maintained within the United States at all times.

  **e.** Within 20 calendar days after final termination of this litigation, the Outside Counsel Defense Team must serve upon the Government a certification of the destruction of all copies of any source code materials.

  **9.** **Media.** All discovery materials that are provided to the Outside Counsel Defense Team are to be used solely for the purpose of allowing the Defendant to prepare its defenses in the above-captioned case. None of the discovery materials produced by the

Government shall be disseminated to, or discussed with, the media. However, while the court may enter other orders in this matter, nothing in this Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial or other proceeding.

10. **Extraneous Materials Not Covered.** This Protective Order applies only to the discovery materials, as defined in paragraph 1. This Order does not apply to the use or disclosure of documents the parties possess independently.

11. **Court Filings.** Any papers to be served upon the Court by either party during the pendency of this Protective Order which either: (i) include copies of discovery materials, or (ii) refer to the contents of discovery materials, shall not be publicly filed (or otherwise disseminated) in the first instance.

    a. The party filing the papers shall file such papers under seal and with an application indicating which portion the submitting party believes ought to be filed under seal and which portions ought to be made public and shall indicate an intention to file a set of papers so redacted five business days after service of the unredacted papers upon the Court and counsel.

    b. The filing party shall not file the redacted set of papers if such party receives an application in opposition from another party within those five business days and shall instead await a ruling of the Court.

    c. If the party submitting the papers wishes to file the papers publicly after waiting the appropriate number of business days, that party shall speak to the opposing party prior to filing the papers publicly to make certain that the absence of objection has not resulted from the unavailability of counsel or other law office failure.

    d. Any papers to be served upon the Court in response to papers served in conformity with the preceding paragraphs during the pendency of this Protective Order shall be

filed under seal with an application indicating which portion the submitting party believes ought to be filed under seal and which portions ought to be made public and shall indicate an intention to file a set of papers so redacted five business days after service of the unredacted papers upon the Court and counsel.

   **e.** The filing party shall not file the redacted set of papers if such party receives an application in opposition from another party within those five business days and shall instead await a ruling of the Court.

   **f.** If the party submitting the papers wishes to file the papers publicly after waiting the appropriate number of business days, that party shall speak to the opposing parties prior to filing the papers publicly to make certain that the absence of objection has not resulted from the unavailability of counsel or other law office failure.

  **12.** **Consulting with Motorola.** Notwithstanding any other provision of this Protective Order, either party may consult with Motorola or its counsel regarding discovery in this case and matters covered by this protective order.

  **13.** **Obligations on Conclusion of Litigation.**

   **a.** **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

   **b.** **Obligations at Conclusion of Litigation.** Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all discovery materials shall be returned to the Government unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental

impressions of the defense team, that party elects to destroy the documents and certifies to the Government that it has done so.

        **c.** **Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, the Outside Counsel Defense Team may retain (1) attorney work product, including an index that refers or relates to discovery materials, so long as that work product does not duplicate verbatim substantial portions of the discovery materials, and (2) one complete set of all documents filed with the Court, including those filed under seal. Any such retained materials shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use the discovery materials or information contained therein.

        **14.** **Trial and Appeal.** The parties may seek future protective orders, or amendments to this Order, that will govern the use of discovery materials at trial and in any appellate proceedings. In the absence any such future orders or amendments, this Order will continue to govern during the pendency of this litigation.

        **15.** **Relief from Protective Order.** Nothing in this Order shall preclude the parties from seeking a further protective order pursuant to Rule 16(d) and Title 18, United States Code, Section 1835 as to particular items of discovery, or from moving to dissolve the Protective Order in its entirety, as to any category of documents, or as to any particular document.

        **16.** **Amendments.** This Protective Order may be amended at any time by agreement of all of the parties and with the Court's approval. Any proposed amendment must be in writing and expressly state that it is an amendment to this Protective Order and be signed by all parties to be valid. If any party wishes to amend the Protective Order and an agreement cannot be

reached by all parties, then the party may raise the issue by motion to the Court, which may amend this Order as it sees fit.

Date: February 28, 2023

John J. Tharp, Jr.
United States District Judge

11