# Exhibit F

1

                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION

MOTOROLA SOLUTIONS, INC., et    )  Case No. 17 C 1973
al.,                            )
                                )
              Plaintiffs,        )
         v.                      )
                                )
HYTERA COMMUNICATIONS           )
CORPORATION, LTD., et al.,       )  Chicago, Illinois
                                )  October 14, 2025
              Defendants.        )  8:32 a.m.

                            VOLUME 1
                TRANSCRIPT OF PROCEEDINGS - MOTION
              BEFORE THE HONORABLE MARTHA M. PACOLD

APPEARANCES:

For the Plaintiffs:    KIRKLAND & ELLIS LLP
                       BY:  MR. ADAM R. ALPER
                            MR. AKSHAY S. DEORAS
                            MS. LAURA E. VARTAIN
                       555 California Street, 27th Floor
                       San Francisco, California 94104


                       KIRKLAND & ELLIS LLP
                       BY:  MR. MICHAEL W. DE VRIES
                       555 Flower Street
                       Los Angeles, California 90071

                       KIRKLAND & ELLIS LLP
                       BY:  MS. N. YVONNE BEELER
                            MS. MARIA M. BELTRAN
                       2049 Century Park East, Suite 3700
                       Los Angeles, California  90067

HCC had enough cash to cover a lump sum of the judgment?

A. It doesn't -- I don't think this here, it talks about cash available to cover the payment.

Q. You -- you analyzed this report, right?

A. I reviewed it.

Q. Yeah, and is it your opinion -- what is your opinion on whether or not HCC has, as of the end of 2024, sufficient cash to pay the judgment?

A. As I testified earlier, so the cash available at the end of 2024 was only -- was $11 million. I did analyze and opine on its ability to pay the judgment going forward.

Q. So the second half of what you read is -- raises substantial doubt as to its ability to continue as a going concern. What does that mean?

A. So going concern -- continue as a going concern, meaning it can continue to operate, right? Raise substantial doubt. So this to me is just -- I mean, as it says here, I don't know what more I can say. So it has -- it will raise substantial doubt about whether this company can continue to operate, to stay alive.

Q. Okay. And according to the annual report, what plans was the company, meaning HCC, planning to take to try to address this -- this risk?

A. Could I look at the -- the next few paragraphs -- okay, great.

today?

MR. ALPER:  Nothing, Your Honor, from us.

THE COURT:  Okay.  And I think you were looking to start at 9:30 tomorrow.

Is that still the case?

MR. ALPER:  Yes.  Oh, I'm sorry?

That's the case, yes.

MR. CLOERN:  Works for us.

THE COURT:  All right.  Well, see you then.

Thank you.

MR. ALPER:  Thank you, Your Honor.

(Concluded at 4:53 p.m.)

*   *   *   *   *

We certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.


/s/ *Kathleen M. Fennell*


/s/ *Sandra M. Tennis*              October 15, 2025
Official Court Reporters                    Date
United States District Court
Northern District of Illinois
    Eastern Division

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MOTOROLA SOLUTIONS, INC., et al.,        )   Case No. 17 C 1973
                                         )
                                         )
                        Plaintiffs,      )
              v.                         )
                                         )
                                         )
HYTERA COMMUNICATIONS                    )
CORPORATION, LTD., et al.,               )   Chicago, Illinois
                                         )   October 15, 2025
                        Defendants.      )   9:29 a.m.

VOLUME 2
TRANSCRIPT OF PROCEEDINGS - MOTION
BEFORE THE HONORABLE MARTHA M. PACOLD

APPEARANCES:
For the Plaintiffs:    KIRKLAND & ELLIS LLP
                       BY:  MR. ADAM R. ALPER
                            MR. AKSHAY S. DEORAS
                            MS. LAURA E. VARTAIN
                            MS. BARBARA ROWINSKA
                       555 California Street, 27th Floor
                       San Francisco, California 94104


                       KIRKLAND & ELLIS LLP
                       BY:  MR. MICHAEL W. DE VRIES
                            MS. N. YVONNE BEELER
                       555 Flower Street
                       Los Angeles, California 90071

                       KIRKLAND & ELLIS LLP
                       BY:  MS. LESLIE M. SCHMIDT
                       601 Lexington Avenue
                       New York, New York 10022

                       KIRKLAND & ELLIS LLP
                       BY:  MR. CHRISTOPHER LAWLESS
                            MS. MARIA M. BELTRAN
                       2049 Century Park East, Suite 3700
                       Los Angeles, California  90067

trying to sort through those. So -- but, like I said, I don't -- and thank you for that comment, Your Honor, that I -- I don't think it ultimately rolls up to them having priority.

THE COURT: Okay. Thanks.

MR. ALPER: Thank you.

MR. CLOERN: Of course, you notice, Your Honor, I have a few things to carry up.

THE COURT: Sure. Whenever you're ready.

MR. CLOERN: All right. May it please the Court, Your Honor.

Okay. So I want to take just a minute and try to reset the table a little bit.

Motorola's angry. I understand. It has been five years since the judgment. But there's important facts that get skipped over, at -- at least in -- in the Motorola telling of events. So I want to make sure that they're top of mind.

So I -- I want to first talk about -- a little bit about Hytera, who's there, the issue of trust. Mr. Chen is still at Hytera. He's no longer in control. Mr. Yelin Jiang is in control and is the CEO.

So I think it's important that we understand Hytera has never disputed -- if you look back at the civil trial record -- Hytera has never disputed that seven employees left Motorola and took all the code for DMR and, like, 10,000 documents. They -- they never disputed that.

do that.

It's also not free to post a bond. So it's not an issue of take the $70 million you've grabbed together and put it towards the judgment and separately post a bond. You'd need to raise the collateral in order to post that bond, and there are fees associated with it, too, fees that, if we're being fiscally responsible, we shouldn't be incurring an unnecessary expense like that when we've managed to pull together the cash to put into escrow, which is full and complete security.

It's completely unrelated to the case that my colleague from Motorola, Motorola's counsel just cited, where it was an issue of a letter of credit that had exceptions to it that may not follow through. This is cash. This is cash that would be in an interest-bearing escrow account and fully protect Motorola.

Unless Your Honor has any further questions.

THE COURT: I don't -- I may have a few questions that are maybe not specifically about this motion, just more general.

I mean, just one question about the 70 million is I guess if HCC is rapidly able to pull together that much money, I know that's still obviously less than the outstanding judgment amount, but why is it not possible to also do that for purposes of the judgment?

MS. QUADRINO: Do you want to --

THE COURT: Yes, thank you all for your time as well. Very much appreciate all the time and effort and preparation that went into this. I'm sure it was an enormous amount of work, so thank you very much.

MR. ALPER: Thank you, Your Honor.

THE COURT: I appreciate it.

(Concluded at 6:11 p.m.)

                    *   *   *   *   *

We certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.


/s/ *Kathleen M. Fennell*


/s/ *Sandra M. Tennis*                  October 16, 2025
Official Court Reporters                      Date
United States District Court
Northern District of Illinois
    Eastern Division